**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Newport News Division)**

| | |
|---|---|
| **M.L., a minor by her parents and next friends, Kerry Librando and Daniel Librando**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LOWE'S HOME CENTERS, LLC**<br><br>**Defendant.** | **Case No.: 4:26-cv-00148** |

# DEFENDANT LOWE'S HOME CENTERS, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Stephen T. Fowler (VSB No.: 44071)
Nicole K. Rocha (VSB No.: 100669)
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102-5102
703-245-9300 (telephone)
703-245-9301 (facsimile)
Stephen.Fowler@wilsonelser.com
Nicole.Rocha@wilsonelser.com
*Counsel for Defendant Lowe's Home Centers, LLC*

# TABLE OF CONTENTS

Page

INTRODUCTION ..... 1

FACTUAL BACKGROUND ..... 1

LEGAL STANDARD ..... 2

ARGUMENT ..... 3

I. The Complaint Fails to Provide Lowe's With Fair Notice of The Factual Basis of The Claims Against It ..... 3

II. Plaintiff Fails to State a Claim for Either Negligence or Breach of Implied Warranty of Merchantability Under a Product Liability Framework ..... 5

A. The Complaint Fails to Allege That the Goods Were Unreasonably Dangerous. ..... 6

B. The Complaint Fails to Allege That the Unreasonably Dangerous Condition Existed When the Goods Left Lowe's Hands . ..... 7

III. Plaintiff's Complaint Fails to Allege Facts Supporting a Failure to Warn Claim ..... 8

IV. Count I's Negligence Per Se Theory Fails as No Safety Requirement is Identified ..... 9

V. Plaintiff Fails to Establish That the Product Was Being Used in Its Intended Manner or During a Foreseeable Misuse ..... 10

VI. Count IV Fails Because it is a Rule of Evidence, and the Complaint Does Not Allege Exclusive Control by Lowe's ..... 11

VII. Plaintiff Fails to State a Claim for a Violation of The Virginia Consumer Protection Act ..... 12

VIII. Count V Cannot Survive Independently of the Substantive Claims ..... 14

CONCLUSION ..... 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*,
988 F.2d 1157 (Fed. Cir. 1993)....................2

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................2, 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................2, 3

*Benedict v. Hankook Tire Co.*,
295 F. Supp. 3d 632 (E.D. Va. 2018) ....................5

*BHR Recovery Cmtys., Inc. v. Top Seek LLC*,
355 F. Supp. 3d 416 (E.D. Va. 2018) ....................13

*Collett v. Cordovana*,
290 Va. 139 (2015) ....................9

*Cooper v. Horn*,
248 Va. 417 (1994) ....................11

*Cooper v. Whitting Oil Co.*,
226 Va. 491 (1984) ....................11

*Dameron v. Fort Worth Steel & Mach. Corp.*,
No. LE 1626, 1985 Va. Cir. LEXIS 158 (Cir. Ct. March 26, 1985)....................5, 6

*Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. Pshp.*,
213 F.3d 175 (4th Cir. 2000) ....................3

*Enomoto v. Space Adventures, Ltd.*,
624 F. Supp. 2d 443 (E.D. Va. 2009) ....................13

*Evans v. NACCO Materials Handling Grp., Inc.*,
295 Va. 235 (2018) ....................5, 6, 7

*Featherall v. Firestone Tire & Rubber Co.*,
219 Va. 949 (1979) ....................7

*Francis v. Giacomelli*,
588 F.3d 186 (4th Cir. 2009) ....................3

*Funkhouser v. Ford Motor Co.*,
285 VA. 272 (2013) ....................................................................................................8

*Holiday Motor Corp. v. Walters*,
292 Va. 461 (2016) ....................................................................................................10

*Jeld-Wen, Inc. v. Gamble*,
256 Va. 144 (1998) ....................................................................................................6

*Kaltman v. All American Pest Control, Inc.*,
281 Va. 483 (2011) ....................................................................................................9

*Langford v. Joyner*,
62 F.4th 122 (4th Cir. 2023) .....................................................................................3, 4

*Lewis v. Carpenter Co.*,
252 Va. 296 (1996) ....................................................................................................11

*Logan v. Montgomery Ward & Co.*,
216 Va. 425 (1975) ....................................................................................................6, 11

*Morgen Indus., Inc., v. Vaughan*,
252 Va. 60 (1996) ......................................................................................................6

*Mylan Labs, Inc. v. Matkari*,
7 F.3d 1130 (4th Cir. 1993) .......................................................................................2

*Nahigian v. Juno Loudoun, LLC*,
684 F. Supp. 2d 731 (E.D. Va. 2010) ........................................................................13

*Nichols v. Bumgarner*,
173 F.4th 511 (4th Cir. 2026) ...................................................................................4

*Norfolk S.R. Co. v. Fincham*,
213 Va. 122 (1972) ....................................................................................................15

*Orr v. Keystone RV Co.*,
736 F. Supp. 3d 389 (E.D. Va. 2024) ........................................................................13

*Owens v. DRS Auto. Fantomworks, Inc.*,
764 S.E.2d 256 (Va. 2014)..........................................................................................13

*Owens-Corning Fiberglas Corp. v. Watson*,
243 Va. 128 (1992) ....................................................................................................8

*Parker v. Carilion Clinic*,
296 Va. 319 (2018) ....................................................................................................9

*Rice v. Adams*,
172 F.4th 428 (4th Cir. 2026) ....................................................................................4

*Sardis v. Overhead Door Corp.*,
10 F.4th 268 (4th Cir. 2021) ......................................................................................5

*Selective Ways Ins. Co. v. Home Depot Prod. Autho., LLC*,
823 F. Supp. 3d 583 (E.D. Va. 2026) .......................................................................5

*Seven-Up Bottling Co. v. Gretes*,
182 Va. 138 (1943) ....................................................................................................11

*Spaulding v. Wells Fargo Bank, N.A.*,
714 F.3d 769 (4th Cir. 2013) ....................................................................................14

*Turner v. Manning, Maxwell & Moore, Inc.*,
216 Va. 245 (1975) ....................................................................................................10

*United States ex rel. Wilson v. Kellogg Brown & Root*,
525 F.3d 370 (4th Cir. 2008) ....................................................................................14

*Weidman v. Exxon Mobil Corp.*,
776 F.3d 214 (4th Cir. 2015) ....................................................................................13

*Wynn's Extended Care, Inc. v. Bradley*,
619 F. Appx 216 (4th Cir. 2015).................................................................................13

**Statutes**

Va. Code Ann. § 8.01-36(B)..........................................................................14, 15

Va. Code Ann. § 59.1-200(A)................................................................................13

Va. Code Ann. § 59.1(200)(A)(5)..........................................................................14

Va. Code Ann. § 59.1(200)(A)(7)..........................................................................14

Virginia Consumer Protection Act..................................................................12, 13, 14

**Rules**

Rule 8 ..........................................................................................................................3

Rule 8(a)(2) .................................................................................................................3

Rule 9(b) ....................................................................................................................13

Rule 12(b)(6)..............................................................................................................2, 5

Defendant Lowe's Home Centers, LLC ("Lowe's"), in support of its Motion to Dismiss, states as follows:

## INTRODUCTION

Plaintiff seeks to hold Lowe's liable for injuries allegedly caused by "Zep Sulfuric Acid Drain Opener" several days after the product was purchased and taken to Plaintiff's home. The Complaint does not identify any act by Lowe's that caused the alleged failure. It does not allege that a Lowe's employee damaged or improperly closed the bottle, observed a defect, received notice that the bottle was leaking, or made a specific representation concerning the bottle or closure. It instead alleges that the closure may have been defectively designed, manufactured, or applied, and that shipping, handling, storage, or sale procedures may have been improper.

These allegations do not plausibly connect Lowe's to the incident. Count I rests on a speculative failure-to-inspect theory and an unidentified regulatory violation. Count II does not allege facts showing that the product was defective when Lowe's sold it. Count III identifies no actionable statement or omission by Lowe's. Count IV treats an evidentiary doctrine as an independent claim even though the Complaint defeats the required inference of exclusive control. Count V is derivative of the deficient substantive claims and subsequently fails. Accordingly, Lowe's respectfully submits that Plaintiff's Complaint fails to state a cause of action.

## FACTUAL BACKGROUND

Plaintiff's father purchased "Zep Sulfuric Acid Drain Opener" from a Lowe's store in Newport News, Virginia, on January 28, 2023. ECF 1-2 at ¶ 7. Zep Inc. was responsible for the manufacturing, packaging and labeling of "Zep Sulfuric Acid Drain Opener." *Id.* at ¶ 4. The drain opener bottle was placed in a cabinet beneath a bathroom sink in the family's home. *Id.* at ¶ 8. On February 2, 2023, Plaintiff, then approximately twenty months old, opened the cabinet,

encountered the bottle, and knocked it over. *Id.* at ¶ 9-10. The liquid leaked, splashed, and contacted Plaintiff's face, abdomen, and other areas. *Id.* at 10. Plaintiff alleges that as a direct and proximate cause of Defendant's[1] acts and omissions, Plaintiff suffered severe chemical burns, pain, permanent scarring and disfigurement, emotional distress, and loss of enjoyment of life. *Id.* at ¶ 21.

**LEGAL STANDARD**

Lowe's respectfully requests that this Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failing to state a claim. Federal Rule of Civil Procedure 12(b)(6) allows courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). On a motion to dismiss for failure to state a claim, the court accepts the plaintiff's well-pleaded allegations. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A plaintiff must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint fails when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 664. The court may not accept legal conclusions in the form of factual allegations. *Twombly*, 550 U.S. at 555. Additionally, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or

[1] Plaintiff identifies both "Defendant Zep Inc.," and "Defendant Lowe's Home Centers, LLC" in her Complaint. ECF 1-2 at ¶¶ 4-5, despite only naming Lowe's in the case caption. Plaintiff then goes on to utilize the word "Defendant" throughout her Complaint, without identifying who she is referring to. Plaintiff does the same in her complaint filed against Zep Inc., the manufacturer of the product at issue, regarding the same incident. *See* M.L. v. Zep Inc., CL2602322R-00 (Newport News Circuit Court).

arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. Pshp*., 213 F.3d 175, 180 (4th Cir. 2000). Naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross "the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) *(*quoting *Twombly*, 550 U.S. at 557)). For the reasons stated below, Plaintiff's Complaint fails to state a viable cause of action.

## ARGUMENT

### I. The Complaint Fails to Provide Lowe's With Fair Notice of The Factual Basis of the Claims Against It

The Complaint's inconsistent identification of the parties and indiscriminate use of the singular term "Defendant" deprive Lowe's of fair notice of the factual basis for the claims against it, as required by Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires sufficient factual allegations to give a defendant fair notice of the claim and the grounds on which it rests. Requiring specific factual allegations for each defendant gives fair notice to *that* defendant on the plaintiff's claims and the underlying factual support. *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023) The Complaint does not satisfy this standard.

The Complaint's caption only names Lowe's Home Centers, LLC as a defendant. Contradictory to this, paragraphs 4 and 5 of the Complaint identify two separate defendants, "Defendant Zep Inc.," and "Defendant Lowe' Home Centers, LLC." ECF 1-2 at ¶¶ 4 and 5. The Complaint alleges that Zep Inc. manufactured, packaged, labeled, designed, formulated, marketed, and distributed the product, while Lowe's received, inspected, stored, displayed, and sold it. *Id.*

After distinguishing these entities, however, the Complaint repeatedly attributes material conduct to an undefined singular "Defendant." It alleges, among other things, that "Defendant" employed improper shipping, handling, storage, and sales procedures; knew or should have known of the product's hazards and safer packaging designs; and manufactured, packaged, and sold a

defective product. ECF 1-2 ¶¶ 16-20. Count I similarly alleges that "Defendant" owed and breached duties relating to storage, inspection, distribution, and sale, even though the Complaint elsewhere assigns packaging and manufacturing responsibilities to Zep Inc. and retail responsibilities to Lowe's. ECF 1-2 at ¶¶ 22, 24 and 26. Counts II and III likewise allege, without identifying the responsible entity, that "Defendant" sold an unmerchantable product and made or omitted material representations concerning the product and its packaging. ECF 1-2 at ¶¶ 27, 29, 30 and 31. Count IV, an improper count for the doctrine of *res ipsa loquitur*, compounds the ambiguity by alleging that the container and closure remained under the exclusive control of "Defendant," without specifying whether that term means Zep Inc., Lowe's, or both. *Id.* at ¶¶ 35 and 37.

These are not merely stylistic defects. The Fourth Circuit requires sufficient facts to permit an inference of liability as to each defendant and has rejected collective allegations that fail to identify how each defendant was responsible for the alleged injury. *Langford v. Joyner*, 62 F.4th 122, 124 (2023); *See also Rice v. Adams,* 172 F.4th 428, 432 (4th Cir. 2026).

The caption inconsistency reinforces these defects. Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties." Although omission from the caption may not alone be dispositive where the body of a pro se pleading gives adequate notice, *Nichols v. Bumgarner*, 173 F.4th 511, 517 (4th Cir. 2026), this Complaint was filed through counsel and presents a more fundamental problem: it alternately treats Zep Inc. as a defendant, omits Zep Inc. from the caption, and then uses "Defendant" without identifying which legally distinct entity allegedly committed the conduct supporting each claim.

Lowe's should not be required to guess whether allegations concerning product design, manufacture, packaging, labeling, inspection, distribution, representations, or control of the

product are directed at Lowe's or Zep Inc. Since the Complaint does not identify the acts attributable to Lowe's with sufficient clarity to permit a reasonable inference that Lowe's is liable for each asserted claim, the Court should dismiss the claims against Lowe's under Rule 12(b)(6). At a minimum, Plaintiff should be required to file an amended complaint that identifies every intended defendant and specifies which entity allegedly committed each act or omission supporting each claim.

## II. Plaintiff's Fails To State a Claim for Either Negligence or Breach of Implied Warranty of Merchantability Under a Product Liability Framework

Alternatively, if the Court finds that the Complaint has properly distinguished its claims as to Lowe's, Lowe's maintains that Plaintiff has failed to state any claims against Lowe's upon which relief can be granted.

Virginia has not adopted a strict liability regime for products liability. *Evans v. NACCO Materials Handling Grp., Inc.*, 295 Va. 235, 246 (2018). In Virginia, "plaintiffs may pursue a products liability remedy 'under a theory of implied warranty of merchantability or under a theory of negligence.'" *Selective Way Ins. Co. v. Home Depot Prod. Auth., LLC*, 823 F. Supp. 3d 583, 592 (E.D. Va. 2026) (quoting *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 280 (4th Cir. 2021). Both theories rely on the same elements, and a plaintiff must prove that (1) the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose; and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands. *Id.* (quoting *Evans,* 295 Va. at 235). A plaintiff must also show that that the defect actually caused their injury. *Benedict v. Hankook Tire Co*., 295 F. Supp. 3d 632, 637 (E.D. Va. 2018). Moreover, the standard of care for a non-manufacturing seller in Virginia is essentially the same as that of the manufacturer. *Dameron v. Fort Worth Steel & Mach.*

*Corp.*, No. LE 1626, 1985 Va. Cir. LEXIS 158, at *19 (Cir. Ct. Mar. 26, 1985); *See also Logan v. Montgomery Ward & Co.*, 216 Va. 425, 428 (1975). As the elements are the same under a theory of negligence or a breach of implied warranty, we ask the Court to consider the theories together.

**A. The Complaint Fails to Allege That the Goods Were Unreasonably Dangerous.**

A product is unreasonably dangerous if it is defective in assembly or manufacture, unreasonably dangerous in design, or unaccompanied by adequate warnings concerning its hazardous properties. *Evans*, 295 Va. at 246 (quoting *Morgen Indus., Inc., v. Vaughan*, 252 Va. 60, 65 (1996)). While a product supplier may not be held liable for every misuse of the product, it may be held liable for a foreseeable misuse of an unreasonably dangerous product. *Jeld-Wen, Inc. v. Gamble*, 256 Va. 144, 148 (1998).

Count I for negligence and Count II for a breach of an implied warranty of merchantability allege that the product was unfit because it presented an unreasonable risk arising from inadequate packaging, closures, and warnings, and because a toddler allegedly accessed its contents. ECF 1-2 at ¶¶ 22–28. These are conclusions drawn from the alleged accident, not facts identifying a defect that existed when Lowe's sold the product. The Complaint does not identify which component failed, the manner in which it failed, or whether the asserted condition arose from design, manufacture, closure application, handling, storage, or another cause. The mere occurrence of the incident does not establish that the product was defective or that a defect existed when it left the seller's hands. *Logan*, 216 Va. at 428. Further, there are no facts alleging that the then 20-month-old Plaintiff's access to the drain opener bottle, and the subsequent alleged knocking over of the bottle, was a foreseeable use of the product. This is not a foreseeable misuse of the product for which Lowe's could be held liable, nor does the Complaint allege as much. *See Jeld-Wen, Inc.*, 256 Va. at 148.

Moreover, the Complaint does not allege any facts regarding the condition of the bottle at the time it was purchased by Mr. Librando. Nor does the allegation that the bottle leaked after Plaintiff knocked it over establish that the product was unreasonably dangerous when sold. Where pleaded facts are merely consistent with liability but do not support a reasonable inference of liability, the claim is not plausible. *Iqbal*, 556 U.S. at 677. Counts I and II therefore fail to state a claim against Lowe's and should be dismissed.

**B. The Complaint Fails to Allege That the Unreasonably Dangerous Condition Existed When the Goods Left Lowe's Hands.**

Virginia product-liability law examines whether an unreasonably dangerous condition existed when the product left the allegedly responsible party's hands. *Evans*, 295 Va. at 247. The Court examines the reasonable safety expectations of consumers at the time the product left the manufacturer's hands, as well as governmental safety standards and industry practices. *Id.* at 248. Reasonable consumer expectations must be established objectively; wholly subjective expectations are insufficient. *Id.* at 247.

Further, there is no duty to warn with respect to a product when the product is used in an unlikely, unexpected, or unforeseeable manner. *Featherall v. Firestone Tire & Rubber Co.*, 219 Va. 949, 962 (1979). The Complaint does not allege any facts that support the contention that it was foreseeable that a 20-month-old would have access to a drain opener bottle in a closed bathroom cabinet.

The Complaint identifies no objective safety standard, product literature, industry practice, or specific closure requirement showing that the product sold by Lowe's failed to meet a governing safety expectation. Accordingly, the Plaintiff fails to state sufficient facts to allege that an

unreasonably dangerous condition existed when the product left Lowe's hands. Counts I and II therefore fail to state a claim against Lowe's and should be dismissed.

### III. Plaintiff's Complaint Fails to Allege Facts Supporting a Failure to Warn Claim

A failure to warn duty only arises when a supplier (a) knows or has reason to know that the product is or is likely to be dangerous for the use for which it is supplied; (b) has no reason to believe the persons for whose use the product is supplied will recognize the dangerous condition; and (c) fails to exercise reasonable care to inform them of that condition or the facts making the product dangerous. *Funkhouser v. Ford Motor Co*., 285 Va. 272, 281-82 (2013). The Complaint fails to plead facts satisfying this failure-to-warn standard as to Lowe's.

Plaintiff alleges that Zep Inc.—not Lowe's—manufactured, packaged, labeled, and selected the container, closure system, and child-resistant features for the product. ECF 1-2 at ¶¶ 4, 12, 13, and 14. It further alleges that the closure was improperly seated, sealed, affixed, torqued, centered, threaded, or applied, but it does not identify which condition existed or allege facts showing that Lowe's knew of that condition when it sold the bottle. ECF 1-2 at ¶ 13.

Instead, the Complaint alleges generally that "Defendant" knew or should have known about the hazards of concentrated sulfuric acid, packaging requirements, and safer packaging designs. ECF 1-2 at ¶ 17. This allegation fails to establish the requisite knowledge required by Virginia law. "Reason to know" means that the actor possessed information from which a person of reasonable intelligence would infer that the dangerous condition existed; it is materially different from "should know," which presupposes a duty to investigate and ascertain the condition. *Owens-Corning Fiberglas Corp. v. Watson*, 243 Va. 128, 135 (1992). The appropriate standard in Virginia is whether a defendant has a *reason to know*, not whether the defendant *should know*. *Id.* at 136. The Complaint identifies no leak, displaced cap, damaged seal, notice from the

manufacturer, Zep Inc., recall, or other information allegedly available to Lowe's from which it could have inferred that this particular bottle's closure was defective.

The Complaint alleges that the product's safety data sheet identified the risk of severe skin burns and eye damage and instructed that the container be kept tightly closed. ECF 1-2 at ¶ 12. General awareness that sulfuric acid can cause burns likewise does not establish reason to know that an unopened retail container would leak after being knocked over. The alleged danger underlying Count I is therefore not sulfuric acid's corrosiveness in the abstract, but the asserted failure of the bottle's closure. As the Complaint does not allege facts that Lowe's knew or had reason to know of that particular condition, the failure-to-warn theory in Count I does not establish a viable claim of negligence against Lowe's, and should be dismissed.

**IV. Count I's Negligence Per Se Theory Fails as No Safety Requirement is Identified**

Negligence per se requires a violation of a statute enacted for public safety, membership in the class protected by that statute, an injury of the type the statute was intended to prevent, and proximate causation. *Collett v. Cordovana*, 290 Va. 139, 148 (2015) (citing to *Kaltman v. All American Pest Control, Inc.*, 281 Va. 483, 496 (2011). The doctrine of negligence per se does not independently create a cause of action or a duty of care; it supplies a statutory standard of care when an otherwise cognizable common-law duty exists. *Parker v. Carilion Clinic*, 296 Va. 319, 345 (2018).

Count I alleges only that Lowe's violated unidentified "established packaging requirements." ECF 1-2 at ¶ 25. It does not identify the statutory or regulatory standard that allegedly governed Lowe's, state what that standard required Lowe's to do, or allege the particular act or omission by which Lowe's violated it. Count I does not identify any provision within those authorities that imposed a packaging or inspection obligation on Lowe's under the alleged

circumstances. Without those facts, the Court cannot determine whether the unidentified requirement was enacted for public safety, whether it applied to Lowe's, or whether the alleged injury was within its protective scope. As such, Count I fails to state a claim against Lowe's, and should be dismissed.

## V. Plaintiff Fails to Establish That the Product Was Being Used in Its Intended Manner or During a Foreseeable Misuse

"An implied warranty of general merchantability [arises] when the product is being used in the manner intended for it. The implied warranty does not apply when the product is being used in a manner or for a purpose for which it was not intended." *Holiday Motor Corp. v. Walters*, 292 Va. 461, 477-78 (2016) (quoting *Turner v. Manning, Maxwell & Moore, Inc*., 216 Va. 245, 252 (1975)).

Although Plaintiff states that "the product was not fit for the ordinary purpose for which such goods are used because it presented an unreasonable risk of catastrophic injury in a foreseeable household environment due to inadequate packaging, closures, and warnings," it fails to allege that the product was used in a manner intended for it. Plaintiff vaguely references "foreseeable household environment" and "foreseeable injuries to children in a home environment," yet does not affirmatively state that the product was being used for its intended use, nor a reasonable foreseeable intended use or misuse. ECF 1-2 at ¶¶ 14 and 27. It was the unforeseeable misuse of the product, not the alleged absence of a child lock or safety warnings, that caused the alleged incident. Absent factual allegations supporting the intended use of the product, Count II should be dismissed.

## VI. Count IV Fails Because it is a Rule of Evidence, and the Complaint Does Not Allege Exclusive Control by Lowe's.

The doctrine of *res ipsa loquitur* is an evidentiary doctrine, and not an independent substantive cause of action. Therefore, Plaintiff's Count IV for *res ipsa loquitur* is not procedurally proper. Even if Count IV is treated as an evidentiary plea, the doctrine does not apply here.

Virginia restricts the application of the doctrine of *res ipsa loquitur*. The doctrine of *res ipsa loquitur* "rests upon the assumption that the thing which causes the injury is under the exclusive possession of or under the exclusive management of the defendant," (*Logan*, 216 Va. at 429), and that the accident must be of such nature that "does not ordinarily occur if due care is used, and the evidence regarding the cause of the incident is accessible to the defendant and inaccessible to the injured party." *Lewis v. Carpenter Co*., 252 Va. 296, 300 (1996). The doctrine is unavailable when the object causing the damage was not under the defendant's exclusive control. *Cooper v. Whiting Oil Co*., 226 Va. 491, 497 (1984). Moreover, the mere fact that an accident occurred does not warrant application of the doctrine, and the doctrine may only be utilized "when the circumstances of the incident, without further proof, are such that, in the ordinary course of events, the incident could not have happened except on the theory of negligence." *Lewis*, 252 Va. at 300 (citing to *Cooper v. Horn,* 248 Va. 417, 421 (1994)). The doctrine does not apply in cases of unexplained accidents that may have been attributable to one of two causes, for one which the defendant is not responsible. *Lewis*, 252 Va. at 300 (citing to *Seven-Up Bottling Co. v. Gretes*, 182 Va. 138, 143 (1943)).

Despite making the conclusory allegations that the "instrumentality causing injury…was at all relevant times under the exclusive control of the Defendant before it reached the consumer," the Complaint's own allegations foreclose the exclusive control requirement as to Lowe's. ECF 1-2 at ¶ 35. Lowe's sold the bottle on January 28, 2023, after which Plaintiff's father took it home

and placed it in the family bathroom. ECF 1-2 at ¶¶ 7 and 8. The bottle remained outside Lowe's possession until Plaintiff encountered it and knocked it over approximately five days later. ECF 1-2 at ¶¶ 8 and 9. Lowe's therefore did not have exclusive control over the bottle when the incident occurred. The allegations demonstrate that the product was not in Lowe's exclusive possession and control and demonstrate that the product left Lowe's possession days prior to the incident, was transported by a third party, and was stored inside the Plaintiff's household cabinet, entirely removing it from Lowe's control.

Moreover, the allegations are insufficient to explain the process from manufacture, to delivery, to distribution, to the sale of the product, and then to Plaintiff's home. The Complaint also identifies Zep Inc. as responsible for manufacturing, packaging, labeling, distributing, and selecting the bottle and closure system. ECF 1-2 at ¶ 4. On the pleaded facts, the product passed through multiple hands before the incident. Further, the facts may show that the defect, if any, may have occurred after it was out of Lowe's control. A conclusory assertion of exclusive control cannot override those allegations.

The Complaint also supplies numerous possible causes: defective design, defective manufacture, improper closure application, improper shipping, mishandling, deficient storage, inadequate inspection, or improper sale. The doctrine of *res ipsa loquitur* does not permit those possibilities to be attributed to Lowe's merely because Lowe's was one entity in the product's chain of distribution. Since the Complaint affirmatively alleges that Lowe's lacked exclusive control during the period preceding the incident, Count IV should be dismissed.

### VII. Plaintiff Fails to State A for a Violation of The Virginia Consumer Protection Act.

Plaintiff's Complaint fails to state a viable claim under the Virginia Consumer Protection Act ("VCPA"), Va. Code § 59.1-200 (2026). The VCPA prohibits specified fraudulent practices

in connection with consumer transactions, including misrepresenting the characteristics, uses, benefits, standard, quality, grade, style, or model of goods, and offering defective goods for sale without clearly disclosing their condition. Va. Code Ann. § 59.1-200. Count III merely repeats those statutory concepts. It alleges that "Defendant" misrepresented, omitted, and failed to disclose material facts and sold the product in violation of unspecified safety standards. ECF 1-2 at ¶ 29. It does not identify any statement Lowe's made, where or when Lowe's made it, why it was false, what material information Lowe's possessed and withheld, or how Plaintiff's father encountered or acted upon it.

To state a claim under the VCPA, Plaintiff must allege specific facts showing that Lowe's committed a fraudulent act or practice in connection with a "consumer transaction." Va. Code Ann. § 59.1-200(A); *Nahigian v. Juno Loudoun, LLC*, 684 F. Supp. 2d 731, 741 (E.D. Va. 2010); *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 456 (E.D. Va. 2009). "Because they involve allegations of fraud, VCPA claims are subject to Rule 9(b)'s heightened pleading standard." *Orr v. Keystone RV Co.*, 736 F. Supp. 3d 389, 397 (E.D. Va. 2024). Under this heightened standard, Plaintiff is "'required to state with particularity the circumstances constituting fraud or mistake', including 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Wynn's Extended Care, Inc. v. Bradley*, 619 F. Appx 216, 220 (4th Cir. 2015) (quoting *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)). Plaintiff must also show both "reliance and damages." *BHR Recovery Cmtys., Inc. v. Top Seek LLC*, 355 F. Supp. 3d 416, 424 (E.D. Va. 2018) (citing *Owens v. DRS Auto. Fantomworks, Inc.*, 764 S.E.2d 256, 260 (Va. 2014)).

Plaintiff's VCPA claim has not cleared Rule 9(b)'s heightened pleading standard. At a minimum, Plaintiff's must plead "the who, what, when, where, and how of the alleged fraud"

before the case can proceed. *United States ex rel. Wilson v. Kellogg Brown & Root*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotations omitted). The Complaint alleges that Lowe's "misrepresented, omitted and failed to disclose material facts concerning the safety of the product and its packaging," and that Lowe's misrepresented that "goods or services have certain characteristics, are of a particular standard or quality, or offering for sale of goods that are defective or deteriorated without clearly and unequivocally disclosing such." ECF 1-2 at ¶ 29, 30. Such "[v]ague generalization[s]" will not suffice. *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013).

The Complaint alleges that discovery will show Lowe's had sufficient experience and knowledge to understand that its handling procedures were inadequate. ECF 1-2 at ¶ 30. This allegation concedes the absence of presently pleaded facts supporting Lowe's alleged knowledge and/or alleged misrepresentations regarding the product. A prediction about what discovery may reveal does not identify conduct falling within any specified statutory prohibition.

Plaintiff's Complaint fails to allege facts connecting her alleged losses to any identified representation or actionable practice by Lowe's. The alleged injury resulted from contact with the bottle's contents after the bottle was knocked over, not from any described communication or sales practice by Lowe's. As such, Plaintiff fails to state a violation of Va. Code § 59.1(200)(A)(5) or (7), and her VCPA cause of action should be dismissed.

## VIII. Count V Cannot Survive Independently of the Substantive Claims

Count V seeks reimbursement for medical and related expenses incurred in treating Plaintiff's injuries pursuant to Va. Code § 8.01-36. Va. Code § 8.01-36(B) allows as an infant to recover damages for the past and future expenses of curing or attempting to cure the infant of personal injuries proximately caused by a tort-feasor. The statute further allows for parents or

guardians of such infant, who have paid for or are personally obligated to pay for the past or future expenses to cure the infant, to have a lien and right of reimbursement against any recovery by the infant. Va. Code § 8.01-36(B). A parent's claim for derivate medical expenses is wholly dependent upon the validity of the underlying tort claims asserted on behalf of the Plaintiff. *See Norfolk S. R. Co. v. Fincham*, 213 Va. 122, 128 (1972). Count V identifies no separate wrongful act by Lowe's and depends entirely on the substantive claims asserted in Counts I through IV. Since, as argued above, those counts fail to state a claim against Lowe's, Count V likewise fails and should be dismissed.

## CONCLUSION

For the reasons set forth herein, and those presented at oral arguments, Defendant Lowe's Home Centers, LLC respectfully request this Court grant this motion to dismiss.

Dated: September 22, 2026

Respectfully submitted,

**LOWE'S HOME CENTERS, LLC**

By Counsel:

WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP

*/s/ Nicole K. Rocha Aguilar*
Stephen T. Fowler (VSB No.: 44071)
Nicole K. Rocha Aguilar (VSB No.: 100669)
8444 Westpark Drive - Suite 510
McLean, Virginia 22102
(703) 245-9300 (telephone)
(703) 245-9301 (facsimile)
Stephen.Fowler@wilsonelser.com
Nicole.Rocha@wilsonelser.com
*Counsel for Defendant Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day September, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing to all counsel of record, and that a true and correct copy of the foregoing was served via electronic mail to:

Leonard A. Bennett (VSB No. 37523)
Consumer Litigation Associate, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, Virginia 23601
Tel.: 757-930-3660
Fax: 757-930-3662
lenbennett@clalegal.com
*Counsel for Plaintiff*

*<u>/s/ Nicole K. Rocha Aguilar</u>*
Nicole K. Rocha Aguilar (VSB No.: 100669)
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
8444 Westpark Drive - Suite 510
McLean, Virginia 22102
(703) 245-9300 (telephone)
(703) 245-9301 (facsimile)
Nicole.Rocha@wilsonelser.com
*Counsel for Lowe's Home Centers, LLC*